UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ROCHA;<br><br>           Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA;<br><br>           Respondent. | CR 02-582 CBM; CV 12-3797 CBM<br><br>**ORDER REGARDING PETITION FOR WRIT OF CORAM NOBIS; GOVERNMENT'S MOTION TO DISMISS; PETITIONER'S MOTION TO STRIKE** |

The matter before the Court is Petitioner Julio Rocha's Writ for Coram Nobis (the "Petition" or the "Writ"). (Dkt. No. 1.) Also before the Court is the United States' Motion to Dismiss Petitioner's Petition for Writ of Coram Nobis (the "Motion") (Dkt. No. 13.) and Petitioner's Motion to Strike the Respondent's Reply to the Writ (Dkt. No. 18.) These matters are fully briefed.

## I.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the All Writs Act, 28 U.S.C. § 1651.

## II.   PROCEDURAL AND FACTUAL OVERVIEW

Julio Rocha ("Petitioner") was born a citizen of Mexico in 1971. Petitioner

1

entered the United States at age eighteen, and on January 5, 2001, he married a United States citizen and became a lawful permanent resident of the United States of America.

On July 19, 2002, Petitioner pled guilty to making false statements to the Department of Housing and Urban Development pursuant to 18 U.S.C. § 1010 and for aiding and abetting in violation of 18 U.S.C. § 2. Petitioner alleges that he accepted a plea agreement instead of going to trial based on misadvise from his criminal defense attorney, Attorney Evans. Specifically, Petitioner alleges that he explicitly asked Attorney Evans whether the plea agreement would jeopardize his permanent residency status since he was not a United States citizen. Attorney Evans allegedly advised him that his immigration status would not be affected, and Petitioner therefore decided to take the plea agreement.

On October 3, 2011, Petitioner consulted new counsel to help him obtain naturalization following his employer's request that he travel internationally. At this consultation, Petitioner learned for the first time that he could not become a United States citizen, he could be deported, and that he had a right to know of the immigration consequences of pleading guilty. Petitioner alleges that neither his former attorney nor anyone else informed him of these negative consequences due to entering the guilty plea. Petitioner alleges that he would have accepted jail time rather than jeopardize his immigration status.

On May 2, 2012, Petitioner filed the Petition and requested this Court to set aside his guilty plea and conviction based on ineffective assistance of counsel. The Government filed a Motion to Dismiss the Petition. This Court granted the Government's Motion, and dismissed the Petition. (Dkt. No. 25.) Following a motion for reconsideration filed by the Petitioner, the Court vacated its order granting the Government's Motion and granted the parties' request for an evidentiary hearing regarding the alleged misadvice of Attorney Evans. (Dkt. No. 38.) This Court held an evidentiary hearing on Petitioner's trial counsel's

advisement regarding the immigration consequences of his earlier plea. (Dkt. Nos. 45, 54.) Upon consideration of the testimony provided by Petitioner and Attorney Evans, the Court orally denied the Petition. (Dkt. No. 54.)

### III. STANDARD OF LAW

Coram Nobis relief can be granted if "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). An individual who suffers from unconstitutional ineffective assistance of counsel suffers an error of the most fundamental character. *See Strickland v. Washington*, 466 U.S. 668, 686 (1994).

### IV. DISCUSSION

**A. Coram Nobis Relief**

The Court finds that Petitioner satisfies the first three Coram Nobis factors. A more usual remedy is not available because Mr. Rocha is not in actual or constructive custody and he is ineligible for relief pursuant to 8 U.S.C. §2255. *See United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005) *opinion amended on reh'g,* 03-50315, 2005 WL 1692492 (9th Cir. July 21, 2005) and *abrogated by Padilla v. Kentucky*, 559 U.S. 356 (2010), *see also United States v. Mett*, 65 F. 3d 1531, 1533-34 (9th Cir. 1995). Mr. Rocha has a valid reason for not attacking his conviction earlier because he only became aware of the immigration consequences of his plea in October 3, 2011, and he timely filed the Petition less than a year later, on May 2, 2012. Finally, Mr. Rocha is currently suffering from immigration consequences of his conviction, namely the possibility of deportation, which is sufficient to demonstrate standing under Article III. *See Park v. California*, 202 F.3d 1146, 1148 (9th Cir. 2000); *see also United States v. Esogbue*, 357 F. 3d 532, 534 (5th Cir. 2004).

B. **Ineffective Assistance of Counsel**

To demonstrate the fourth coram nobis factor (that "the error is of the most fundamental character") Petitioner asserts that he suffered from ineffective assistance of counsel. To prevail on his claim of ineffective assistance of counsel, Petitioner must prove "1) that his counsel's performance fell below an objective standard of reasonableness, and 2) that the deficiency in his counsel's performance prejudiced him." *Kwan*, 407 F.3d at 1014.

The Government argues that Petitioner cannot demonstrate the fourth coram nobis factor because the Supreme Court's 2010 decision in *Padilla* is not retroactive and cannot apply to Petitioner's case. *See Chaidez v. United States*, 133 S. Ct. 1103, 1111 (2013). In *Padilla*, the Supreme Court held that ineffective assistance of counsel will be found where there was a failure to advise a criminal defendant of the immigration consequences resulting from his or her plea. *Padilla*, 559 U.S. at 373-74. The holding in *Padilla*, however, only applies to attorney's performance subsequent to the date of that decision. *Chaidez*, 133 S. Ct. at 1111.

Petitioner's alleged ineffective assistance occurred well before the *Padilla* decision, and therefore *Padilla* does not apply to his case. *See id.* However, Petitioner argues that prior counsel not only failed to warn him of the immigration consequences of his plea, but also affirmatively misadvised Petitioner that his plea would not have immigration consequences and failed to negotiate Petitioner's plea effectively. Courts have long held "that a lawyer may not affirmatively misrepresent his expertise or otherwise actively mislead his client on any important matter, however related to a criminal prosecution." *Id.* at 1112 (citing, *inter alia*, *Kwan,* 407 F.3d at 1015-1017.) Affirmative misrepresentations, whether "concern[ing] deportation or another collateral matter" constitute constitutional ineffectiveness. *Id.* The Court finds that Petitioner cannot rely on *Padilla* to render Attorney Evan's assistance constitutionally ineffective; however,

4

the analysis of whether or not Mr. Rocha suffered ineffective assistance of counsel cannot stop with that conclusion. The Court must determine whether Petitioner suffered ineffective assistance of counsel based on the law established prior to *Padilla*.

### 1. Counsel's Performance Was Objectively Reasonable

Petitioner may demonstrate that his counsel was ineffective by proving that his counsel's performance fell below an objective standard of reasonableness at the time it was performed. *See Strickland*, 466 U.S. at 686.

The evidence before this Court does not support Petitioner's argument that Attorney Evans' performance was objectively unreasonable. During the evidentiary hearing before this Court, Attorney Evans, testified that it was his practice at the time he represented Mr. Rocha to review every paragraph of the plea agreement with a defendant who was planning to enter into a plea agreement.[1] The plea agreement signed by Mr. Rocha stated that he understood "that the convictions in this case may subject defendant to deportation." (Plea Agreement for Defendant Julio Rocha dated Jul. 10, 2002; Petitioner's Ex. BB, p. 7 (Dkt. No. 27-1).) The agreement also stated that the total maximum sentence Mr. Rocha faced was for four years imprisonment, a one-year period of supervised release, a fine of at least $500,000. (*Id.* at 8.) Attorney Evans further testified that it was his practice to refer any specific immigration questions to an immigration attorney, and to try to prevent an undocumented defendant from going into federal custody because of the potential for an immigration hold. He testified that he was aware that the amount of loss, as well as the length of the custodial sentence, could result in Petitioner being convicted of an aggravated felony and therefore rendered deportable.

Attorney Evans negotiated with the United States Attorney's office in an

---

[1] Additionally, Attorney Evans stated in a declaration filed with this Court that he could "state confidently" that he went over Paragraph 7 of the plea deal with Mr. Rocha, and "advised him that he may be deported as a result of his guilty plea…." (Declaration of Michael S. Evans (Aug. 30, 2013), ¶ 4 (Dkt. No. 21).)

attempt to reduce Mr. Rocha's potential custody time. He attempted, but was not successful, in persuading the United States Attorney's office to change Mr. Rocha's offense to a misdemeanor offense or to limit Mr. Rocha's participation to "minimal role" from "minor role."

The Court finds that Attorney Evans did not tell Petitioner that there would be no immigration consequences following a guilty plea. Petitioner fails to prove that Attorney Evans' performance fell below an objective standard of reasonableness.

### 2. Whether Petitioner was Prejudiced

For the Court to find ineffective assistance of counsel and satisfy the fourth coram nobis factor, Petitioner is also required to show that any alleged ineffectiveness actually prejudiced him. To do so, Petitioner must prove that there is a "reasonable probability" that, "but for counsel's unprofessional errors" the result of the proceeding would be different. *Strickland,* 466 U.S. at 688. The Court finds that counsel did not make unprofessional errors constituting ineffectiveness. The Court further finds that Petitioner does not demonstrate the alleged "errors" prejudiced Petitioner by causing a threat of deportation.

First, this Court informed Mr. Rocha, prior to his taking of the plea, that "pleading guilty could result in your being deported, it could adversely affect any request that you might make to reenter the country at a subsequent time or any application you might make for citizenship." The Petitioner confirmed: "Yes, Your Honor." This colloquy before this Court demonstrates that Petitioner was aware of potential immigration consequences of a guilty plea, yet Petitioner proceeded to plead guilty.

Second, Petitioner presents no evidence that a more favorable outcome would have resulted if Petitioner did not accept the guilty plea. To establish prejudice, Petitioner is required to meet "the burden of showing that the decision reached would reasonably likely have been different absent the errors."

1 *Strickland*, 466 U.S. at 696.  Here, Petitioner is challenging his conviction of an
2 aggravated felony, which renders him deportable.  Had Petitioner refused to
3 accept the plea agreement, there is no evidence that Petitioner would have been
4 successful at trial or otherwise avoided the immigration consequences he now
5 faces.  Petitioner fails to demonstrate that he was prejudiced by his counsel's
6 performance.

### V.  CONCLUSION

8      The Court finds that Petitioner meets the requirements of the first three Writ
9 of Coram Nobis factors.  However, Petitioner fails to prove he suffered ineffective
10 assistance of counsel and thereby fails to prove "the error [of Mr. Rocha's
11 conviction] is of the most fundamental character."  *Hirabayashi*, 828 F.2d at 604.
12 The Court therefore DENIES Petitioner's Writ of Coram Nobis.   (Dkt. No. 1)
13 The Government's Motion to Dismiss is GRANTED, based on the Court's finding
14 that there was no ineffective assistance of counsel.  (Dkt. No. 13.) Petitioner's
15 Motion to Strike the Government's Reply (Dkt. No. 18) is also DENIED.

17 **IT IS SO ORDERED**

18 DATED:   January 7, 2015           By_____
19                                                     CONSUELO B. MARSHALL
                                                    UNITED STATES DISTRICT JUDGE